UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

GARY A. GOLDMAN,                          )
                                          )
                Plaintiff,                )
                                          )
        v.                                )    No.: 2:25-CV-418-PPS-APR
                                          )
                                          )
KIM HART,                                 )
                                          )
                Defendant.                )

## ORDER

In June 2025, Gary Goldman sought to register a judgment from the United States District Court for the Northern District of Georgia and collect upon it in this District. [DE 1; DE 2.] On April 6, 2026, Chief Judge Leigh Martin May, who presides over the Georgia action, granted Defendant Kim Hart's motion to set aside the default judgment and directed the clerk to reopen the matter. [DE 55-1].

In light of Judge May's order, Magistrate Judge Andrew P. Rodovich *sua sponte* issued a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C), vacating the proceeding supplemental scheduled for June 16, 2026 and recommending that I dismiss Goldman's case in this district. [DE 57.] On June 8, 2026, Goldman submitted written objections to Judge Rodovich's Report and Recommendation. [DE 58.]

When a party makes objections to a magistrate judge's recommendation, "[t]he district court is required to conduct a *de novo* determination of those portions of the magistrate judge's report and recommendations to which objections have been filed."

1

*Goffman v. Gross* , 59 F.3d 668, 671 (7th Cir. 1995). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). "[I]f following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Goffman* , 59 F.3d at 671.

Goldman objects that dismissal is premature because the underlying Georgia case "has not been finally resolved." Specifically, he notes that he filed a motion for reconsideration of Chief Judge May's order setting aside the default judgment [DE 58 at 1-2.] Goldman contends that a dismissal, rather than a stay, would waste judicial resources if the Georgia court grants his motion for reconsideration and reinstates the default judgment. I disagree.  As it stands, there is no judgment for this Court to enforce and therefore no basis to keep this dormant action pending.

Although the Report and Recommendation [DE 57] did not specify whether dismissal should be with or without prejudice, I find dismissal without prejudice entirely appropriate under these circumstances.  If Goldman prevails on his motion for reconsideration, he may initiate new proceedings supplemental in this Court .

For the foregoing reasons, Goldman's objection to the Report and Recommendation [DE 58] is OVERRULED. The Report and Recommendation [DE 57] is ADOPTED, as modified to clarify that dismissal is without prejudice. Accordingly, this action is DISMISSED WITHOUT PREJUDICE.

**SO ORDERED**.

2

ENTERED:  June 25, 2026.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT